**CANDADO STEVEDORING CORPORATION v. LOWE, Deputy Compensation Com'r, et al.**

No. 7633.

District Court, E. D. New York.

Nov. 14, 1935.

Edwin M. Bourke, of New York City, for plaintiff.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Clarence Wilson, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant Lowe.

Samuel Stern, of New York City, for defendant Angelo.

MOSCOWITZ, District Judge.

The plaintiff, Candado Stevedoring Corporation, a self-insurer under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. §§ 901–950), brought this action to review an order made by Deputy Commissioner Samuel S. Lowe, and a supplementary order made by deputy commissioner, awarding compensation and penalties to the claimant, Pietro Angelo.

On August 4, 1932, Pietro Angelo, while employed as a stevedore by the plaintiff, was injured on the barge Loretta. An award was made upon his claim for compensation. Thereafter this action was brought to set aside the award of compensation. The deputy commissioner found the following facts:

"* * * That the barge 'Loretta' on the day of the said accident was owned by Ira S. Bushey & Sons, Inc., but was under charter to the Seaboard Great Lakes Corporation; that Armand Brusatti, head timekeeper for the employer above named, learned that the claimant desired to bring an action against a third party responsible for the condition of the barge and inquired of Mr. Cox, Accident-Clerk for the employer, as to the name of a competent admiralty attorney; that Mr. Cox recommended a Mr. Stefferson, an officer of, and counsel to, the Luckenback Steamship Company, of which the Candado Stevedoring Corp. is a subsidiary; that Brusatti consulted Mr. Stefferson who declined to accept the case; that Mr. Stefferson recommended and arranged an appointment for Brusatti with Mr. Vernon Jones, member of the law firm of Kirlin, Campbell, Hickox, Keating & McGrann; that Mr. Jones accepted the case, and on behalf of the claimant, filed with the Deputy Commissioner of the United States Employees' Compensation Commission, form US–213 (notice of election to sue the third party); that on or about October 21, 1932, the said firm, acting in behalf of the claimant, instituted an action against Ira S. Bushey & Sons, Inc., as owners of the barge 'Loretta,' Foster Transportation Company and the Atlantic Lighterage Corporation; that as an answer to this action, the defendants by petition applied to the Federal Court for a limitation of liability or an exoneration from liability; that upon this action being taken, claimant's attorneys Kirlin, Campbell, Hickox, Keating & McGrann, by reason of an investigation which they caused to be conducted, concluded that because of the appraisals of the barge 'Loretta' which had been made by surveyors for the defendant and surveyors whom they had consulted in their own behalf, it was probable that the court would grant the application for the limitation of liability, and that if this application was successful, a recovery of not more than $1,500.00 would be possible; that the claimant's attorneys also ascertained that the Foster Transportation Company and the Atlantic Lighterage Corporation were improperly named in the action, and a discontinuance against them was taken; that at the same time the claimant's attorneys learned that the barge 'Loretta' although owned by Ira S. Bushey & Sons, Inc., was at the time of the accident, under charter to the Seaboard Great Lakes Corporation; and decided that the Seaboard Great Lakes Corporation, should be named as defendant with the owner, Ira S. Bushey & Sons, Inc.; that this was not done, because of the conclusions aforesaid, i. e., that the limitation of liability proceedings would probably be successful and Kirlin, Campbell, Hickox, Keating & McGrann then advised the claimant to abandon the third party action and accept compensation; that the claimant did not follow this advice, and, thereafter, retained other attorneys; that on June 26, 1933, answer to the petition for a limitation of exoneration from liability was filed in behalf of the claimant, by the new attorneys, in the

United States District Court for the Eastern District of New York; that the case was called for trial in the said Court on March 2nd, 7th, April 4th, and April 16, 1934, and each time because of claimant's attorneys non-appearance or unreadiness to proceed, adjourned; that on May 2, 1934, there still being no appearance for the claimant, an inquest was held, and on May 14, 1934, the Court issued its findings of fact and conclusions of law, wherein, among other things, it was found that the barge 'Loretta' was on August 2, 1932, 'tight, staunch and strong, fully manned and properly equipped and in all respects was worthy,' and that the injuries to the claimant 'were occasioned and occurred without any privity, knowledge, fault or neglect on the part of the petitioner, Ira S. Bushey & Sons, Inc., or anyone for whom it was or is responsible,' and that 'The occurrence mentioned and described in the petition herein and the answer of the claimant, Pietro Angelo, was caused wholly by the negligence of the said Pietro Angelo, without the fault of anyone contributing thereto,' and that 'the petitioner, Ira S. Bushey & Sons, Inc., is entitled to exoneration of and from any liability in respect to the matters and things alleged in the petition herein and the answer of the claimant, Pietro Angelo.'

"The Deputy Commissioner further found: ' * * * that the result of the aforesaid action was known to the manager of the United States Protection & Indemnity Agency, which agency was the representative of the Candado Stevedoring Corporation in compensation claims arising under the Longshoremen's and Harbor Workers' Compensation Act, on or before July 31, 1934; that on the said date, the manager of the said agency addressed a letter to Kirlin, Campbell, Hickox, Keating & McGrann, reading as follows:

"'Candado Stevedoring Corporation,
"'Barge "Loretta"
"'Injury to Pietro Angelo, longshoreman
"'8-4-32
"'Gentlemen:

We are advised that you represent the claimant in the above captioned case against the Barge "Loretta."

"'We are now advised that the claimant is now represented by Mr. Samuel Stern of 277 Broadway, New York City, who has requested that the Commission place the case on for a hearing as the claimant elects to accept compensation in view of the unfavorable termination of his third party action.

"'We would appreciate any information you may be able to give us as it may be that the unfavorable termination of the claimant's third party action was caused by some action of his which may be prejudicial to the rights of the employers, the Candado Stevedoring Corporation.

"'Very truly yours,
"'United States Protection & Indemnity Agency, Inc.
"'By J. A. Hagemen, Manager,
"'Compensation Claims Department.'

"That during the period of ninety days from May 14, 1934, application to the United States District Court for the Eastern District of New York could have been made for a re-opening of the limitation or exoneration from liability proceedings, and that the employer, the Candado Stevedoring Corporation, by the payment of compensation, which it is shown its agents knew the claimant was relegated to and desired to accept, could have, with the Claimant, applied for such re-opening and pressed the action to a conclusion; that such knowledge on the part of the United States Protection & Indemnity Agency, Inc., was, in effect, the knowledge of the employer, its authorized compensation representatives; that in addition any cause of action which the claimant may have had against the third party should have included the Seaboard Great Lakes Corporation, and that no action against this corporation has as yet been instituted, and that the period of three years from the date of the accident has not yet elapsed; that if a cause of action against the third party—the Seaboard Great Lakes Corporation—was ever good, is still good, and the employer, by payment of compensation, will be invested with any rights which the claimant has or had against the said corporation; that the employer has not been prejudiced by the acts of the claimant in respect to the third party action."

The plaintiff claims that it has been prejudiced by the failure of the claimant to prosecute the third-party action; furthermore, that it did not receive notice of claimant's intention to abandon the third-party action.

After hearing the facts, the deputy commissioner found that the employer had not been prejudiced by the acts of the claimant with respect to the third-party action, and that the employer knew on July

31, 1934, that the claimant had requested that his claim for compensation be placed on the commissioner's calendar for hearing, and that the claimant would take no further steps in the third-party action against Ira S. Bushey & Sons, Inc. The plaintiff received such notice of intention on the part of the claimant, but did nothing to protect what it claims to be its rights.

Certain facts have been found by the deputy commissioner. This court should not substitute its judgment for that of the deputy commissioner where there is evidence to warrant his findings.

■ There is only one question left for determination, and that is, the supplementary compensation order which imposes a 20 per cent. penalty for failure to pay the original award as provided by section 14 (f) of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 914 (f). Section 14 (f) reads as follows: "If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as but in addition to such compensation, unless review of the compensation order making such award is had as provided in section 21 [section 921 of this chapter]."

Section 14 (f) requires that an award be paid within ten days unless the award is reviewed as provided in section 21 (b) of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 921 (b). Section 21 (b) reads as follows: "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District). The orders, writs, and processes of the court in such proceedings may run, be served, and be returnable anywhere in the United States. The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage."

Section 21 (b) provides that a compensation order may be suspended or set aside only through injunction proceedings, and authorizes the court to stay payments under an award. The mere commencement of an action without a stay on the part of the court does not relieve the employer from complying with the order making the award. Congress did not intend that claimants should be deprived of their awards pending review, except upon order of the court having jurisdiction thereof.

Plaintiff applied to this court for an interlocutory injunction pursuant to section 21 (b) to restrain the enforcement of the award pending the determination of the acton. This motion was denied by Judge Inch on June 18, 1935. The original award was not paid. Thereupon the deputy commissioner made a supplementary order on July 16, 1935, pursuant to section 14 (f), declaring the amount of the default and imposing a penalty of 20 per cent.

The award was not paid within the 10 days provided in section 14 (f). The penalty of 20 per cent. was therefore properly imposed by the deputy commissioner. No reason appears for disturbing the deputy commissioners' findings.

Complaint dismissed.

Settle order on notice.